NOEM, Respondent, v. EQUITABLE LIFE INSURANCE CO. OF IOWA, Appellant.

(153 N. W. 652.)

(File No. 3676.    Opinion filed July 16, 1915.)

**Insurance—Life Insurance—Forfeiture for Non-payment of Premium —"Grace" After First Premium—Statutory Policy, Effect.**

Laws 1909, Ch. 58, Sec. 5, provides that a grace of one month shall be granted for payment of every life insurance premium, after the first, during which month the insurance shall continue, and that if the insured shall die during the month of grace the overdue premium will be deducted from the amount payable under the policy. Sec. 5 provides that no life policy in form other than as provided in Sec. 2 shall issue unless it contains the same provision as that contained in Sec. 2 as to grace. Sec. 1 prohibits issuance of life policies except as authorized by the act. A life policy provided for a semi-annual premium due on the 18th day of June and December in every year, and for a grace of one month for payment of any premium after the first policy year; under which policy the second semi-annual premium due June 18th was unpaid, insured dying within a month thereafter. Held, that the statutory provisions concerning grace contemplate the allowance of grace after payment of the first premium, whether it be annual, semi-annual, or quarterly; the premium being the consideration for the insurance policy; that the evident purpose of deferring grace allowance until after a premium has been paid was to require that the policy shall have gone into effect before grace shall be allowed; hence the policy was in force at the time insured died.

Appeal from Circuit Court, Brookings County. Hon. Carl G. Sherwood, Judge.

Action by Martha Moem against the Equitable Life Insurance Company of Iowa, a corporation, to recover upon a policy of life insurance. From an order overruling defendant's demurrer to the complaint, it appeals. Affirmed.

*Cuckow & Berke,* (*Parsons & Mills,* of Counsel), for Appellant.

*Hall, Alexander & Purdy,* for Respondent.

GATES, J.  On December 12, 1912, one Alfred P. Noem took out a policy of life insurance in the defendant company, in which the plaintiff was designated as beneficiary. The policy recited, in part, as follows:

"20-Payment Life Option Policy with Annual Dividends.

No. 72072                                    Age 22 Years.

The Equitable Life

Amount $2,000.00.                            Premium $28.22.

Insurance Company of Iowa,

In consideration of the application for this policy, a copy which is hereto attached, and made a part of this contract, and the payment of twenty-eight and 22-100 dollars, on or before its delivery, such payment to be made while the insured is in good health, and the payment thereafter of the semiannual premium of twenty-eight and 22-100 dollars, on or before the 18th day of June and December, in every year until twenty full years' premiums shall have been paid, or until the prior death of the insured.

Promises to Pay," etc.

The second semiannual premium due June 18, 1913, was not paid. On July 16, 1913, the insured died. Suit was brought upon the policy. The defendant demurred to the complaint. The learned trial court overruled the demurrer, from which order the defendant appeals.

The principal question, and the only one we find it necessary to consider, is whether the policy was in force at the time of the death of the insured. The policy contained this provision, the italics being ours:

"Grace in Payment.

A grace of one month during which the policy shall remain in full force, will be allowed for the payment of any premium, *after the first policy year,* subject to an interest charge at the rate of six per cent. per annum; and if death occurs within the one month of grace, the unpaid portion of the then current year's premium shall be deducted from the amount payable hereunder."

It is the claim of the company that the first policy year did not expire until December 18, 1913, and, therefore, that an allowance of grace upon the payment of the second semiannual premium was not provided for, and that, therefore, the policy lapsed June 18, 1913. We find it unnecessary to construe the phrase "first policy year," for the reasons hereinafter disclosed.

By section 2, c. 58 Laws 1909, which is an act establishing standard forms in which policies of life insurance may be issued in this state, the following provisions occurs in each of the established forms:

"A grace of one month, subject to an interest charge at the rate of * * * per centum per annum, shall be granted for the payment of every premium after the first, during which month the insurance shall continue in force. If the insured shall die during the month of grace the overdue premium will be deducted from any amount payable hereon in any settlement hereunder."

By section 5 of said chapter it is provided:

"No policy of life insurance in form other than as provided in section 2 shall be issued in this state or be issued by a life insurance company organized under the laws of this state unless the same shall contain the following provisions: * * *

"2. A provision for a grace of one month for the payment of every premium after the first, which may be subject to an interest charge, during which month the insurance shall continue in force, which provision may contain a stipulation that if the insured shall die during the month of grace the overdue premium will be deducted in any settlement under the policy."

By section 1, of said chapter it is provided that:

"No policy of life insurance shall be issued or delivered in this state and no policy of life insurance of a life insurance company organized under the laws of this state shall be issued unless authorized by the provisions of this act."

In construing this policy we must substitute the words of the statute in regard to the allowance of grace for the words contained in the policy, because provisions of the statute are as much a part of the policy as though actually incorporated therein, and the exact language of the policy must give way to the language of the statute. It is our opinion that the words of the

statute "a grace of one mouth * * * shall be granted for the payment·of every premium after the first" contemplate the allowance of grace after the payment of the first premium, whether such premium be an annual, a semiannual, or a quarterly premium. By the terms of this policy the payment of $28.22 (the first semiannual premium) was, together with the application, the consideration for the policy. The consideration paid for a policy of insurance is called the premium. 6 Words and Phrases, 5514. In Cooley's Brief on Ins. p. 462, we find the following:

"As a general proposition, the payment of an advance premium is necessary to the ·consummation of · an insurance policy unless some other provision is made therefor." ·

It would seem, therefore, that the evident purpose of deferring the grace allowance until after the payment of a premium has been made is to provide that the policy shall have gone into effect before grace shall be allowed. This purpose is given more effect by a decision which interprets the first premium to mean the first payment of premium,· as distinguished from the first annual premium. Such interpretation seems to us to be the rational interpretation of the language used in the statute.

The. order appealed from is affirmed.